# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SACRED HEART REHABILITATION CENTER, INC.,

        Plaintiff,

v.

RICHMOND TOWNSHIP, and RICHMOND TOWNSHIP PLANNING COMMISSION,

        Defendants.

_____/

CASE NO. 08-12110

HON. MARIANNE O. BATTANI

## ORDER DENYING DEFENDANTS' REQUEST FOR SUMMARY JUDGMENT ON COUNT V (THE FAIR HOUSING AMENDMENTS ACT)

The parties in this case filed dispositve motions, which the Court resolved in part. Still pending is that portion of Defendants' Motion to Dismiss Complaint, for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 56(c), 12(b)(3) and/or 12(b)(6) (Doc. No. 51), addressing the merits of the Fair Housing Amendments Act claim. Because of the existence of genuine issues of material fact, the Court **DENIES** the request for summary judgment on the claim by Defendants Richmond Township and Richmond Township Planning Commission.

## I. BRIEF STATEMENT OF FACTS

Plaintiff Sacred Heart Rehabilitation Center is located on a 125 acre parcel of land in the northeast section of Richmond Township. First Amended Complaint (FAC at ¶ 4). The facility currently houses a detoxification unit, residential services, as well as administrative headquarters. The facility includes a twenty-four bed physician-directed sub-acute detoxification unit with nursing and laboratory support. It offers two levels of

treatment in a 111 bed facility. Id. Sacred Heart also provides services to approximately thirty women with children at its Clearview Specialty Women and Children Program facility in Port Huron, Michigan. Id. at ¶ 17. The treatment facility has operated from 1976 to present without any special use or variance approval from Defendants. Id. at ¶ 19.

Sacred Heart sought a 5,000 square foot expansion to the existing administration building and construction of a new 14,000 square foot building in which to relocate its women and children's center from Port Huron. It filed an application for Special Land Use (SLU) Review on May 4, 2007. The renovation also included upgrades to the heating, cooling, and waste water treatment systems, and added elevators to improve accessibility to comply with current codes. Id. at ¶ 16.

The application for Special Land Use was placed on the July 18, 2007, Planning Commission meeting. On August 22, 2007, the Planning Commission held a second public hearing on the SLU request. On September 19, 2007, the Planning Commission held the third public hearing. Thereafter, the Planning Commission rejected the application.

In this lawsuit, filed on May 14, 2008, Plaintiff alleges Defendants, among other things, violated the Fair Housing Act, 42 U.S.C. §§3604, 3617 (Count V).

## II. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted only "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002).

Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). However, the court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50.

However, the evidence itself need not be the sort admissible at trial, with the exception that it must be more than the nonmovant's own pleadings and affidavits. Tinsley v. General Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000).

## III. ANALYSIS

The Fair Housing Amendments Act (FHAA) imposes upon municipalities an affirmative duty to afford its disabled citizens reasonable accommodations in its municipal zoning practices if necessary to afford such persons equal opportunity in use and enjoyment of their property.  Civil Rights Act of 1968, § 804(f)(3)(B), as amended, 42 U.S.C.A. § 3604(f)(3)(B).   A plaintiff alleging a violation of 42 U.S.C. § 3604 may proceed under any or all of three theories: disparate treatment, disparate impact, and failure to make a reasonable accommodation.  See Smith & Lee Assoc. v. City of Taylor, Mich., 102 F.3d 781, 790 (6th Cir.1996) (citing Oak Ridge Care Center Inc. v. Racine County, Wis., 896 F. Supp.2d 867, 874 (E.D. Wis.1995)).

Defendants assert that they are entitled to summary judgment on Plaintiff's disparate impact claim because it is not pleaded in the amended complaint.  Although Sacred Heart did not use the term "disparate impact," it alleged a violation of §3604, and it further alleged that "Defendants interfered with" its clients' rights through its "various rules, policies, and decisions."  Am. Compl. at ¶ 95.  The Court finds this allegation is sufficient to provide notice of Plaintiff's claim, and Plaintiff is free to offer evidence on any of the theories to make its claim.

The parties also dispute whether Sacred Heart requested a reasonable accommodation under the FHAA.  If it did not, it cannot state a claim under the FHAA based on that theory.

"To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford

the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006); Schanz v. Village Apartments, 998 F. Supp. 784, 791 (E.D. Mich.1998) (citation omitted).

Here, Defendants argues that they cannot be found to have failed in an obligation to make a reasonable accommodation necessary to afford the residents of Sacred Heart an equal opportunity to use and enjoy their dwelling because Sacred Heart never asked explicitly for an "accommodation." Defendants' position is that an accommodation is requested only where the plaintiff uses the term "accommodation." In contrast, Sacred Heart asserts that its application for a SLU constitutes an accommodation request.

In analyzing this argument, the Court observes that, by defining discrimination under the Fair Housing Act to include the "refusal to make reasonable accommodations in rules, policies, [and] practices," Congress clearly contemplated providing townships the opportunity to adjust their generally applicable rules to allow persons with disabilities equal access to housing. Oxford House, Inc. v. City of Virginia Beach, 825 F. Supp. 1251, 1260, 1261 (E.D. Va.1993), citing 42 U.S.C. § 3604(f)(3)(B). The zoning process, including special use permits, serves that purpose.

Without question Sacred Heart invoked the procedures that would allow Defendants to make such an accommodation. See Oxford House, 825 F. Supp. at 1261 ("The zoning process, including the hearings on applications for conditional use permits, serves [the] purpose" of enabling a city to make a reasonable accommodation in its rules, policies, and practices). Compare Frazier v. City of Grand Ledge, 135 F. Supp.2d 845 (W.D. Mich.

2001) (finding that the plaintiff's use of the word "exception" did not have a meaning similar to accommodation" and therefore plaintiff failed to make a claim for reasonable accommodation). Without question, Defendants were aware of the residents' disabilities and fully informed as to Plaintiff's plans for the future use of its property. Prior to this lawsuit, Plaintiff may not have ever requested an "accommodation," using that precise term, from Defendants, but it did present facts and information to the Township Commission sufficient to demonstrate that a reasonable accommodation may be needed to provide equal housing opportunities to its clients. Although this Court agrees with the observation in <u>Frazier</u>, that it is not unduly burdensome to expect a person in Plaintiffs' position to explicitly state that it is seeking an accommodation under the FHAA, the Court nevertheless finds that Sacred Heart did inform Defendants of the basis of its special use request. The Court declines to attribute a statutory requirement that the plaintiff must use the term "accommodation" or to find the failure to do so renders the claim deficient under the statute as a matter of law.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendants' motion for summary judgment on Count V.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: October 6, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

<u>sBernadette M. Thebolt</u>
Case Manager